IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W. VAWTER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>HOUSE OF REPRESENTATIVES, OMAHA POLICE DEPARTMENT, WATMART (FBI), ORACLE PARK, and GREAT AMERICAN BALL PARK,<br><br>　　　　　　Defendants. | 8:20CV305<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kenneth W. Vawter filed his pro se Complaint on July 30, 2020 (filing 1) and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Vawter filed his Complaint using the Pro Se 1 Form Complaint for a Civil Case and names the House of Representatives, Omaha Police Department Officer Spenser Lewis, "Watmart (FBI)," "Oracle Park," and "Great American Ball Park" as Defendants. Vawter alleges the basis for federal question jurisdiction in this case is "criminal trespassing 1st degree, attempted murder 1st degree, biological system connection to I.S.S., computer generated existence, [and] federal contract killing athletes (Kenny Vawter)." (Filing 1 at CM/ECF p. 3.)[1] In the section titled "Statement of Claim," Vawter wrote "criminal trespassing 1st degree" and "attachments." (*Id.* at CM/ECF p. 4.) Attached to the Complaint are 46 pages consisting of a random assortment of photocopied receipts, Vawter's nonsensical

---

[1] Capitalization and punctuation corrected throughout this order.

handwritten notes, documents appearing to relate to a trust of which Vawter is a beneficiary, and a copy of a motion to amend (*id.* at CM/ECF pp. 7–12) from another case filed by Vawter in this court. *See Vawter v. FBI Scouting Bureau et al.*, 20CV266 (Filing 6).

However, among the attached documents is a copy of a Uniform Citation and Complaint indicating that Defendant Officer Spenser Lewis cited Vawter for "criminal trespass, first degree" on July 26, 2020 in Omaha, Nebraska with instructions to appear in the Douglas County Court on August 25, 2020. (Filing 1 at CM/ECF p. 6.) This appears to be the basis for Vawter's complaints about "criminal trespassing 1st degree" for which he seeks $600,000,000.00 in damages. (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court has carefully reviewed Vawter's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Vawter's Complaint fails to meet this minimal pleading standard.

The court declines to grant Vawter leave to amend his Complaint as his primary claims appear to relate to an ongoing criminal proceeding in the Douglas County District Court. Thus, the court finds that abstention is appropriate under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Vawter's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Vawter's

Complaint lacks even a hint of any such extraordinary circumstances and will therefore be dismissed without prejudice.

    IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint (filing 1) is dismissed without prejudice.

2.     The court will enter judgment by a separate document.

Dated this 12th day of August, 2020.

                                          BY THE COURT:

                                          *Richard G. Kopf*

                                          Richard G. Kopf
                                          Senior United States District Judge